UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN SULLIVAN, et al.,
    Plaintiffs,

    v.

JEFFRY COSSETTE, et al.,
    Defendants.

No. 3:13cv621 (SRU)

### RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs, Brian Sullivan and Donald Huston (collectively, the "plaintiffs"), both officers with the Meriden Police Department (the "Department"), brought this consolidated action against Police Chief Jeffry Cossette (the "Chief") and several other Department employees (collectively, the "defendants") alleging, *inter alia*, that the defendants engaged in First Amendment retaliation and other due process violations after the plaintiffs attempted to expose malfeasance within the Department. Before the court is the plaintiffs' motion for preliminary injunction, which seeks to enjoin the defendants from conducting a *Loudermill* hearing concerning internal complaints filed against the plaintiffs by fellow officers. For the reasons that follow, the plaintiffs' motion (doc. # 19) is DENIED.

**I.      Background**

The following facts are taken from the Amended Complaint (doc. # 24), as well as the affidavits and other materials submitted in support of the plaintiffs' motion (doc. # 19), and are assumed true for the limited purposes of this motion.

The plaintiffs are employed full-time as police officers in Meriden, Connecticut. In April 2011, the plaintiffs sent a letter to Meriden's City Manager complaining of various abuses by the Chief, his deputy, and other officers within the Department. Specifically, the letter contained allegations of disparate treatment, nepotism, and a conspiracy to cover up incidents of excessive

force involving the Chief's son, Evan Cossette.  Those allegations eventually sparked independent investigations by the City, the State's Attorney's Office, and the Federal Bureau of Investigation.[1]

On May 2, 2011, after the Department became aware of the letter and the allegations it contained, defendant John Williams, a union steward, sent emails to Department personnel urging those who felt falsely accused to file internal affairs complaints against the plaintiffs for untruthfulness.  Multiple complaints were filed, but the Chief, in derogation of Department policy, failed to forward copies of those complaints to the plaintiffs for their review.  Instead, the Chief allowed the internal filings to accumulate, and eventually leaked the complaints to the press.  That, in turn, left the plaintiffs to learn of the complaints for the very first time through newspaper accounts.  According to the plaintiffs, the Chief's mishandling of the internal complaints undermined their ability to defend themselves effectively, and ultimately constituted a violation their procedural due process rights.

As part of its investigation into the internal complaints filed against the plaintiffs, the Department has now scheduled a *Loudermill* hearing for August 8, 2013.  Generally speaking, a *Loudermill* hearing is a pre-disciplinary procedure to determine "whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action."  *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 545-46 (1985).  Fearing that an unfavorable outcome at the hearing will result in their termination, the plaintiffs have moved to temporarily enjoin the *Loudermill* hearing during the pendency of this litigation.

**II.    Discussion**

"District courts may ordinarily grant preliminary injunctions when the party seeking the

---

[1] In November 2012, Evan Cossette was indicted on charges of civil rights violations and obstruction of justice.  He was convicted on those charges in early June 2013.

injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation omitted). Injunctive relief, however, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis and citation omitted). District courts enjoy wide discretion in determining whether to grant a preliminary injunction, *see Green Party of N.Y. v. N.Y. State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004), but in the absence of a showing of irreparable harm, injunctive relief must be denied. *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999). Moreover, where there is "an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore*, 409 F.3d at 510.

   Applying that standard, I conclude that the plaintiffs are not entitled to the injunctive relief they seek. As an initial matter, the plaintiffs fail to explain how *any* harm, let alone irreparable harm, would result from the *Loudermill* hearing itself. By definition, a *Loudermill* hearing is designed to protect—not harm—employees in the plaintiffs' position by ensuring them an opportunity to be heard before they are subjected to disciplinary action. *See Loudermill*, 470 U.S. at 545-46; *see also Goss v. Lopez*, 419 U.S. 565, 579 (1975) (noting that due process requires, at a minimum, "some kind of notice and some kind of hearing"). At a *Loudermill* hearing, the plaintiffs will be able to present their defense to the claims of misconduct made against them and to raise their complaints about the failure to follow procedural rules with

respect to those claims. Although the plaintiffs may prefer to have those issues decided first in federal court, they will not be harmed by the scheduled administrative hearing, which is not itself a form of discipline. Simply put, there is no basis on the present record to enjoin a pre-disciplinary hearing that may vindicate the plaintiffs' position and provide them a measure of the relief they seek in this case.

Moreover, even if, after the hearing is complete, the plaintiffs are indeed subjected to disciplinary action up to and including termination, those types of employment-related injuries—which, in most cases, can be remedied by back pay, money damages or reinstatement—are generally insufficient to warrant preliminary injunctive relief.[2] *See Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) ("[T]he injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction.") (citing *Sampson v. Murray*, 415 U.S. 61, 89-92 (1974)); *Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir. 1988) (stating that the harm of retaliatory discharge was "plainly reparable" because "reinstatement and money damages could make appellees whole"). That is particularly so where, as here, allegations of retaliatory discharge are brought by government—rather than

---

[2] In limited circumstances, retaliatory discharge may constitute irreparable injury if, for example, the movant has demonstrated that his or her termination would deter other employees from exercising their First Amendment rights or intimidate others from providing testimony in support of the movant's case. *See Holt v. Continental Group, Inc.*, 708 F.2d 87, 91 (2d Cir. 1983) ("A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury."); *see also Moore*, 409 F.3d at 512 (noting that "a retaliatory discharge may in some cases intimidate witnesses and thereby inflict irreparable harm," but concluding that no such risk was presented in that case). Here, however, the plaintiffs have not alleged that other employees would be deterred from exercising their rights or that any witnesses in this case would be intimidated from testifying on the plaintiffs' behalf. Thus, the plaintiffs cannot demonstrate irreparable harm on this narrow basis.

private—employees, because courts apply "a particularly stringent standard for irreparable injury in government personnel cases." *Moore*, 409 F.3d at 512 n.6 (internal quotation omitted). For these reasons, the plaintiffs cannot meet the threshold requirement of demonstrating irreparable harm, and preliminary injunctive relief is therefore unavailable.[3]

### III.   Conclusion

In sum, the plaintiffs' motion for preliminary injunction (doc. # 19) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of August 2013.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[3] Because I am able to conclude that preliminary injunctive relief is unavailable based on the paper record alone, an evidentiary hearing is not required. *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998).